UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

TIMOTHY ISRAEL,

          Plaintiff,

v.

TOWNSHIP OF LENOX and MARK GRABOW in his individual and official capacities,

          Defendants.

Case No. 22-cv-

Hon.

_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Timothy Israel, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendants Township of Lenox and Mark Grabow, and in support thereof states:

1. Plaintiff Timothy Israel ("Israel" or "Plaintiff") is a resident of the Township of Bruce, Macomb County, Michigan.

2. Defendant Township of Lenox ("Lenox") is a political subdivision of the State of Michigan.

1

3. Defendant Mark Grabow ("Grabow") is the Lenox Township deputy supervisor, and all times pertinent hereto, acting within both his individual and official capacities.

4. At all times pertinent hereto, Grabow was acting with the actual and/or implied authority of Defendant Lenox.

5. Jurisdiction is vested with this Court pursuant to 29 USC §201, 42 USC §1983 and 28 USC §1331. Venue lies in the Eastern District of Michigan.

6. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC §1367.

7. The events giving rise to this cause of action occurred within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff Israel was employed with Defendant Lenox as a Plumbing and Mechanical Inspector.

9. Plaintiff's pay was determined by: (1) a commission based upon the paid plumbing and mechanical permits issued by Defendant Lenox and (2) a fee for each plumbing and mechanical plan review performed by Plaintiff.

10. Plaintiff would receive periodic pay from Defendant Lenox without any explanation as to the calculations, nor was he provided documents that he could use to verify the accuracy of the amounts being paid.

11. In 2020, Plaintiff made multiple requests to the Building Department Manager, Amy Flood ("Flood") for a breakdown of the amounts paid to him and how they were calculated.

12. Flood refused to provide the requested wage payment breakdown, with the exception of a minimal number of documents titled "payroll sheets" that did not provide the information requested by Israel, nor did they provide the information necessary for computing the wages, commissions and fees owed to Israel by Defendant Lenox.

13. Finally in September 2021, after further requests from Plaintiff, Flood finally provided the documents and information regarding Plaintiff's wages.

14. The documents and information provided by Flood showed that Plaintiff had been significantly underpaid for his inspection and plan review work for Defendant Lenox.

15. Plaintiff complained to Lenox officials that he had been underpaid and that additional wages were owed to him.

16. In response, Flood sent Plaintiff an email with hostile, aggressive and angry language; the email was full of capital letters and exclamation points.

17. To date, Lenox has failed, refused and neglected to pay Plaintiff all the wages owed to him.

18. In December 2021, Flood presented a proposal to the Lenox Township Board of Trustees asking them to authorize her to place a job posting for a mechanical and plumbing inspector.

19. Flood falsely told the Board of Trustees that Lenox needed additional inspection help due to increased activity.

20. Flood's explanation for the inspection job posting, that Lenox required an additional mechanical and plumbing inspector due to increased activity, was clearly and demonstrably false.

21. Flood's explanation for the inspection job posting was pretext for retaliation.

22. Defendant Lenox has not provided any inspection or plan review projects to Plaintiff since February 2022.

23. Upon information and belief, Defendant Lenox has terminated Plaintiff's employment and/or contract, despite never having communicated this termination to Plaintiff.

24. In April 2022, representatives of Defendant Lenox sent emails to Plaintiff requesting that he drop off his employer-provided laptop at the Lenox Township Hall for the purpose of "IT upgrades".

25. In May or June 2022, a legal representative of Defendant Lenox sent correspondence to Plaintiff accusing him of "embezzlement" and "theft"

4

because he had not yet had his laptop upgraded by Defendant Lenox' information technology department.

26. On May 23, 2022, a representative for Plaintiff sent correspondence to Defendant Lenox' representative indicating that the laptop had not been stolen or embezzled and that Plaintiff had only been asked to drop off the computer for upgrading.

27. Subsequent to the May 23, 2022 correspondence, Defendant Lenox' representative and Plaintiff's representative had several phone conversations in which the parties agreed to conduct a meeting where all of the issues between the parties could be discussed, including the return of the laptop.

28. Following those conversations, Defendant Lenox' representative made no attempt to schedule the meeting.

29. On or about July 14, 2022, Defendant Grabow, acting on behalf of and with the authority of Defendant Lenox, contacted the Macomb County Sheriff's Office and made a false report that Plaintiff had stolen the subject laptop.

30. In Defendant Grabow's report to the Macomb County Sheriff's Office, Defendant Grabow made false statements, both by commission and omission.

31. Plaintiff, through his representative, made an immediate attempt to contact Defendant's representative, however, Plaintiff's outreach was ignored by Defendant's representatives.

5

32. Plaintiff's representative also immediately contacted the Macomb County Sheriff's Office to report that the information that they had received was false.

33. While the Sheriff Deputy initially assigned to the case made an attempt to return the phone calls placed by Plaintiff's representative, the Deputy did not leave a phone number to receive a call-back.

34. Further, Plaintiff, through his representative, attempted to contact the Macomb County Sheriff's Office detective assigned to the matter, but the detective failed to respond.

35. Despite having relied on false information and failing to have conducted any meaningful investigation, the Macomb County Sheriff's Office submitted a Request for Warrant to the Macomb County Prosecutor's Office. Upon information and belief, the Macomb County Prosecutor's Office initially authorized the issuance of a warrant against Plaintiff.

36. Plaintiff, through his representative, provided the Macomb County Sheriff Office's detective assigned to the matter with all of the information, communications and documents referenced herein.

37. At that time, and upon information and belief, the Macomb County Prosecutor's Office reversed itself and determined not to authorize the issuance of a warrant against Plaintiff.

## COUNT I
## VIOLATION OF FLSA BY DEFENDANT LENOX
## FAILURE TO PAY WAGES

38. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

39. Pursuant to the Fair Labor Standards Act, 29 USC §201, et. seq. (FLSA), Defendant Lenox was required to pay wages to Plaintiff for all work performed, suffered or permitted.

40. Plaintiff's pay and wages were based upon: (1) commissions earned from the inspection services he provided; and (2) fees for providing plan review services.

41. Defendant Lenox has failed, refused and neglected to pay all commissions and fees owed to Plaintiff, thereby violating the FLSA.

42. As a direct and proximate result of Defendant Lenox' violation of the FLSA, Plaintiff suffered damages, including, but not limited to: lost wages, lost employment benefits, lost reimbursement benefits, attorney fees as allowed by statute, and liquidated damages as allowed by statute.

## COUNT II
## VIOLATION OF FLSA BY DEFENDANT LENOX
## RETALIATION

43. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

44. Plaintiff engaged in protected activity under the FLSA when he made complaints to Defendant Lenox regarding his unpaid wages.

45. Plaintiff's protected activity was known to Defendant.

46. Defendant Lenox took adverse employment action against Plaintiff by eliminating all of his inspection projects, eliminating all of his plan review projects, discharging him and making a false report of criminal activity about Plaintiff.

47. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken by Defendant Lenox.

48. As a direct and proximate result of Defendant Lenox' violation of the FLSA, Plaintiff suffered damages, including, but not limited to: lost wages, lost employment benefits, lost reimbursement benefits, attorney fees as allowed by statute, and liquidated damages as allowed by statute.

## COUNT III
## BREACH OF CONTRACT BY DEFENDANT LENOX

49. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

50. Plaintiff and Defendant Lenox entered into a valid and binding contract for the payment of commissions and fees based upon the work performed by Plaintiff for the Lenox Township Building Department.

51. Defendant Lenox breached the parties' contract, through its acts and omissions, including the failure to pay the commissions and fees due and owing to Plaintiff.

52. As a direct and proximate result of Defendant Lenox' breach of contract, Plaintiff has suffered damages, including but not limited to: loss of income, lost wages, loss of commissions and loss of fees.

## COUNT III
## MALCIOUS PROSECUTION BY ALL DEFENDANTS

53. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

54. Grabow, acting on behalf of and with the authority of Defendant Lenox, instituted a criminal proceeding against Plaintiff Israel by falsely reporting to the Macomb County Sheriff's Office that Israel had stolen a laptop from Lenox.

55. Defendants intentionally and/or recklessly misled the Macomb County authorities.

56. Defendants intentionally and/or recklessly withheld exculpatory evidence from the Macomb County authorities.

57. The criminal proceeding was terminated in Israel's favor.

58. There was no probable cause for Defendants' institution of a criminal proceeding against Israel.

59. Defendants' primary purpose for instituting a criminal proceeding against Israel was something other than bringing an offender to justice.

60. As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered damages including, but not limited to: injury to his fame, injury to his liberty and emotional distress.

## COUNT IV
## ABUSE OF PROCESS BY ALL DEFENDANTS

61. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

62. Defendants had an ulterior purpose in seeking to process criminal charges against Plaintiff; including, but not limited to, trying to discredit Plaintiff with regard to his claims for unpaid wages and commissions, trying to punish Plaintiff for having threatened legal action against Defendant Lenox and retaliating against Plaintiff for the legal dispute between the parties regarding the unpaid wages and commissions owed to Plaintiff.

63. Defendants improperly used the criminal procedure process for a purpose outside of its intended purpose.

64. Defendants' ulterior motive in use of the criminal procedure process is demonstrated by their: (1) intentional omission of exculpatory evidence provided to Macomb County Sheriff's Office, and (2) intentionally misleading and false statements to the Macomb County Sheriff's Office

regarding the communications between the parties regarding the subject laptop computer.

65. As a direct and proximate result of Defendants' abuse of process, Plaintiff suffered damages as fully set forth in paragraph 60 of this Complaint.

## COUNT V
## DEFAMATION OF CHARACTER AGAINST ALL DEFENDANTS
## VIOLATION OF MCL 600.2911

66. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

67. Defendants made false and defamatory statements about the Plaintiff to the Macomb County Sheriff's Office when they published that Plaintiff had committed the crime of larceny in July 2022.

68. The Defendants' published false statements that Plaintiff had committed a crime were not privileged.

69. Defendants were at least negligent in their publication of false and defamatory statements to the Macomb County Sheriff's Office about Plaintiff.

70. Because Defendants falsely published that Plaintiff had committed a crime, they have committed defamation per se.

71. Defendants are therefore liable to Plaintiff for defamation of character under Michigan's common law and pursuant to MCL 600.2911.

72. As a direct and proximate result of Defendants' defamation of character, Plaintiff has suffered damages including, but not limited to: injury to his fame, loss of reputation, lost wages, loss of earning capacity, emotional distress and attorney fees as allowed by statute.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of the within cause.

                              STEMPIEN LAW, PLLC

                              */s/ Eric Stempien*
                              By: Eric Stempien (P58703)
                              Attorney for Plaintiff

Dated: August 24, 2022